2025 IL App (1st) 241111-U

No. 1-24-1111

Order filed May 16, 2025

Fifth Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| *In re* MARRIAGE OF: | ) | Appeal from the |
| | ) | Circuit Court of |
| STEPHAN STEIDL, | ) | Cook County. |
| | ) | |
| Petitioner-Appellee, | ) | No. 20 D 7672 |
| | ) | |
| v. | ) | Honorable |
| | ) | Diana Rosario, |
| ANN LE, | ) | Judge, Presiding. |
| | ) | |
| Respondent-Appellant. | ) | |

JUSTICE ODEN JOHNSON delivered the judgment of the court.
Presiding Justice Mikva and Justice Navarro concurred in the judgment.

**ORDER**

¶ 1    *Held*:  The circuit court's denial of respondent's amended motion to reconsider is affirmed where respondent failed to allege sufficient grounds to establish that the circuit court abused its discretion and the absence of the report of proceedings requires us to presume that the circuit court's findings of fact and legal conclusions based on those facts were proper and supported by the evidence presented at trial.

¶ 2    Respondent Ann Le appeals *pro se* from the denial of her amended motion to reconsider the judgment of dissolution of marriage entered by the circuit court that included provisions that she disagreed with. While respondent frames her appeal as nine separate issues, the primary questions raised before this court are (1) the extent of circuit court's authority to craft a judgment for dissolution of marriage when the parties did not have a marital settlement agreement (MSA) and (2) whether the circuit court properly denied respondent's amended motion to reconsider with prejudice. For the following reasons, we affirm.

¶ 3                                          BACKGROUND

¶ 4    Briefly stated, petitioner Stephan Steidl filed a petition for dissolution of marriage on October 23, 2020, which indicated that the parties were married on June 20, 2008, in Ontario, Canada, and that they had two children. The parties' marital residence was in Glenview, Illinois. According to respondent, she formally abandoned her United States permanent resident status in October 2022 and returned to her hometown of Toronto, Canada.

¶ 5    The record reveals that during the proceedings, petitioner was represented by counsel and respondent initially was represented by counsel but at some point during the proceedings, filed her *pro se* appearance and has represented herself since. Petitioner's first proposed marital settlement agreement (MSA) was presented to respondent in April 2022, prior to her return to Canada. Respondent indicates that she was not given any choice or input into petitioner's drafting or the language used in his proposed MSA. Respondent does not indicate that she ever proposed a MSA during the proceedings, however, she filed a motion for declaratory judgment on September 22,

2022.[1] Respondent's declaratory judgment motion sought clarification of petitioner's proposed MSA regarding its terms and provisions, the rights of each party, and its legal effect. On October 27, 2022, the circuit court held a hearing on respondent's motion and informed respondent that the court could not require the parties to agree to the provisions in petitioner's proposed MSA.

¶ 6     A second proposed MSA was given to respondent in December 2022. Subsequently on February 21, 2023, respondent filed a second motion for declaratory judgment regarding petitioner's second proposed MSA. In that motion, respondent argued that the proposed MSA was procedurally and substantively unconscionable and requested that the trial court not incorporate the terms of the MSA into the judgment. The circuit court denied the motion. Petitioner's previously filed motion to strike and dismiss respondent's declaratory judgment motion was also denied.

¶ 7     On April 18, 2023, the parties proceeded to trial on the contested dissolution petition. No report of proceedings or bystander's report from the trial proceedings is included in the record. On May 3, 2023, the circuit court drafted and entered a judgment of dissolution of marriage, which, according to respondent, included some of the challenged provisions that were in petitioner's proposed MSA as well as additional terms and provisions added by the court that she disagreed with. The court stated in the judgment that it heard the testimony of the parties and considered all of the evidence, the credibility of the parties, their demeanor while testifying, exhibits that were received, the stipulations agreed to by the parties, and arguments of petitioner's counsel and

---

[1] We note that at the hearing on respondent's amended motion to reconsider she indicated that she submitted a proposed MSA prior to trial.

respondent. The court also took judicial notice of the relevant pleadings, responses and orders entered in the case, the applicable case law and statutory law, and was advised on the premises.

¶ 8 Specifically at issue are the provisions contained in sections 26, 28, 29, 30 and 31 of the judgment and sections R, S, T, U, V, and X of the adjudication, which provide as follows:

"26. **Tax Provisions:** The parties have filed joint federal and state income tax returns during certain years of their marriage. In the event that either the Internal Revenue Service or a state department of revenue audits any of the parties' jointly-filed federal and/or state income tax returns and the consequences of such audit is a claim or assessment of deficient income taxes, penalties or interest on account of failure of either party to include or correctly report income or the disallowance of a claimed deduction or tax credit, the party to whom said failure, incorrect reporting, disallowance of a claimed deduction or tax credit, the party to whom said failure, incorrect reporting, disallowed deductions, or credit is attributable shall indemnify and hold the other party free, harmless and indemnified from payment and satisfaction of any deficient income taxes, penalties, or interest, and from all court costs and professional fees, if any, in connection with such assessment and/or defense of any claim in connection therewith. Any additional refunds shall be divided equally 50/50 between the parties.

\* \* \*

28. **Non-Modifiability:** In accordance with Section 502(f) of the Illinois Marriage and Dissolution of Marriage Act, the terms hereof shall not be modified by any court of any jurisdiction hereafter, except for those terms concerning allocation of parental

responsibilities, parenting time and child support, unless the parties concur in advance pursuant to a written amendment to this Judgment.

29. **Choice of Law:** This Judgment shall be construed in accordance with the laws of the State of Illinois, irrespective of any domicile of either party. Illinois is the jurisdiction having the greatest interest in the subject matter of the Allocation Judgment and this Judgment.

30. **Mutual Releases:** To the fullest extent permitted by law, and except for Social Security, and other entitlements and as otherwise provided in this Judgment, each party shall forever relinquish, release, waive, transfer, and forever quit claim and grant to the other, his or her heirs, personal representative and assigns, all rights of maintenance (except as hereinabove provided), dower, inheritance, descent, distribution and community interest and all other right, title, claim, interest and estate as Husband and Wife, widow or widower, or otherwise, by reason of the marital relation existing between the parties, under any present or future law, including any cause of action based on the international or negligent acts of others or which he or she otherwise has or might have or be entitled to claim in, to, or against the property and assets of the other, real, personal or mixed, of his or her estate, whether now owned or acquired in any manner by the other party in the future, or whether now owned or acquired in any manner by the other party in the future, or whether in possession or in expectancy and whether vested or contingent. Each party shall execute, acknowledge and deliver at the request of the other party, his or her heirs, personal representatives, grantees, devisees or assigns, any or all such deeds, releases or other instruments and further assurances as may be required or reasonably requested to effect or

evidence such release, waiver, relinquishment or extinguishment of such rights; provided, however, that nothing contained [in] this Judgment shall operate or be construed as a waiver or release by either party to the other of the obligation on the part of the other to comply with the provisions of the Judgment, or the rights of either party under the Judgment.

31. **Waiver of the Estate Claim:** Each party shall waive and relinquish all right to act as administrator, of the other party's Will or Estate and each party shall further relinquish all right to inherit by intestate succession any property of which the other party may possess at death. Should either party die intestate, this Judgment shall operate as a relinquishment of all rights of the surviving party to apply [for] letters of administration in any form. The estate of such deceased party, if he or she dies intestate, shall descend to the heirs at law of such deceased party, in the same manner as though the parties had never been married; each of the parties, reserving the right to dispose by testament or otherwise of his or her property in any way he or she sees fit, without restriction or limitation whatsoever, except as otherwise provided in this Judgment.

\* \* \*

R. In the event that the Internal Revenue Service audits either party, the party to whom said failure is attributed to, shall indemnify and hold the other party free, harmless and indemnified from payment and satisfaction of any deficient income taxes, penalties, or interest, and from all court costs and professional fees, if any, in connection with such assessment and/or defense of any claim in connection therewith.

S. Except as otherwise provided, within thirty (30) days of the entry of this Judgment, each party shall execute and acknowledge, good and sufficient instruments necessary or proper to vest the titles and estates in the other party, as provided within the terms and conditions of this Judgment and in the future, to execute and acknowledge any all documents which may be necessary or proper to carry out the purposes of the Judgment and establish of record the sole and separate ownership of the property of each party as awarded or provided and as set forth in the Judgment.

T. If either party for any reason fails or refuses to execute any such documents, then this Judgment shall constitute a full and present transfer, assignment and conveyance all rights designated to be relinquished and waived pursuant to the Judgment.

U. Each of the parties hereto will, promptly demand by the other, execute and deliver to such other party any and all documents that may be necessary to effectuate and fulfill the terms of this Judgment.

V. In the event either party shall willfully or contumaciously fail to duly perform his or her financial obligation or other undertakings as required herein, as a result of which the other shall incur any expenses, including attorney's fee, to enforce the provisions and terms of this Judgment, said party shall indemnify and hold the other harmless for any such expense, including the payment of reasonable attorney fees and the cost of enforcement.

\* \* \*

X. The terms hereof shall not be modified by any court of any jurisdiction hereafter. The Court expressly retains jurisdiction of this cause for the purpose of enforcing all of the terms of this Judgment."

¶ 9 On June 2, 2023, respondent filed a motion for reconsideration challenging the judgment of dissolution. On October 12, 2023, petitioner moved to strike and dismiss the motion to reconsider based on the format of the motion, which his counsel stated prevented a response to the motion, as well as the substance of the motion. Petitioner further argued that the proposed MSA was irrelevant as the parties did not have an MSA, rather, their contested divorce was disposed of by the circuit court after a trial. On October 19, 2023, respondent filed a response to petitioner's motion to strike, arguing that petitioner's proposed MSA was relevant as it was not agreed to and was never signed yet some of its provisions were included in the judgment. On October 26, 2023, the parties appeared before the circuit court and petitioner's counsel requested a hearing on his motion to strike and dismiss. On November 8, 2023, the parties again appeared before the circuit court and the court granted petitioner's motion to strike and dismiss respondent's motion to reconsider. The court also granted respondent leave to file an amended motion to reconsider and later granted respondent an extension to file her amended motion to reconsider.

¶ 10 On January 8, 2024, respondent filed her amended motion to reconsider the judgment of dissolution, challenging the inclusion of section 30 in the judgment of dissolution and section T in the adjudication. She contended that: (1) the circuit court erred in its application of law by including section 30 (mutual releases) in the judgment because it was unnecessary as it was in addition to what was already included in other sections of the judgment; (2) respondent had already expressed her disagreement about the challenged provisions in her previously filed declaratory judgment motions; (3) petitioner's proposed MSA was never agreed upon or signed and inclusion of any provisions from that document in the judgment was error; (4) there is a conflict of laws because respondent is a Canadian citizen and the challenged provisions violate her rights and

entitlements as a Canadian citizen; and (5) the challenged provisions are procedurally and substantively unconscionable. She also argued that the circuit court erred in including altered provisions of the proposed MSA in the judgment because the MSA was a contract, and further that the provisions were unconscionable and violated her rights as a Canadian citizen. Respondent did not cite any case law in support of her various arguments.

¶ 11 On February 8, 2024, petitioner again filed a motion to strike and dismiss respondent's motion to reconsider, and hearings were scheduled for both motions on February 29, 2024. On March 20, 2024, petitioner filed a motion to reconsider the court's February 29 order. On March 22, 2024, after a hearing, the circuit court denied the motion to strike. On April 12, 2024, petitioner filed his response to respondent's amended motion to reconsider, and a hearing was set for April 26, 2024.

¶ 12 At the hearing on respondent's amended motion reconsider, the court heard argument from respondent and petitioner's attorney. Petitioner restated her points as raised in the motion which are also restated in this appeal. In response, petitioner's counsel essentially argued that respondent's motion to reconsider consisted of circular arguments and legal conclusions without support. Petitioner further argued that the motion amounted to respondent's general lack of understanding of Illinois law and standard language included in dissolution judgments. Petitioner's counsel also noted respondent's contradictory arguments that there was no MSA signed by the parties and that the circuit court's dissolution judgment altered provisions that were included in the proposed MSA.

¶ 13 In ruling on respondent's amended motion to reconsider, the circuit court noted that on April 2023, it held a trial with regard to a petition for dissolution of marriage and considered all of

the contested issues. On May 3, 2023, the court ruled, provided, signed and entered a 20-page judgment of dissolution of marriage after hearing the trial. The court noted that it had an opportunity to review the amended motion to reconsider as well as the parties' various pleadings related to the motion, heard argument from the parties, and found that, for the reasons stated by petitioner's attorney as well review of the pleadings and arguments, respondent's motion was denied with prejudice.

¶ 14    Respondent filed her notice of appeal on May 23, 2024. On August 12, 2024, petitioner filed a motion to dismiss the appeal, which this court denied on August 28, 2024.

¶ 15                                    ANALYSIS

¶ 16    Respondent raises numerous issues on appeal: (1) whether the circuit court erred in denying her amended motion to reconsider the judgment of dissolution with prejudice; (2) whether the circuit court erred in including terms and provisions from petitioner's proposed MSA in the judgment of dissolution because the proposed MSA was not signed or agreed upon by the parties; (3) whether the circuit court erred because petitioner's proposed MSA was a contract and its release and waiver of it was a contract, governed by contract law; (4) whether the circuit court erred because the requirements for the creation of a contract must be satisfied for the contract to be valid; (5) whether the circuit court erred because there was no signed and agreed upon MSA between the parties and whether the agreement and its terms were defective, invalid, null, and unenforceable; (6) whether the circuit court erred by altering and modifying petitioner's proposed MSA and added new terms and provisions included in the judgment of dissolution that were not agreed to by the parties and not contained in petitioner's proposed MSA; (7) whether the circuit court erred in including the additional terms and provisions in the judgment of dissolution in

violation of section 502 of the Illinois Marriage and Dissolution of Marriage Act (750 ILCS 5/502 (West 2022)) and well established contract law, and were against public policy; (8) whether the circuit court erred because waiver is the explicit, voluntary and intentional relinquishment of a known right, and those additional terms and provisions set forth in the judgment of dissolution included waivers and releases that respondent never waived or agreed to; and (9) whether the circuit court erred because it lacked jurisdiction and authority to add additional terms and provisions to the judgment of dissolution which made those terms and provisions void. Respondent challenges sections 26, 28, 29, 30, 31, R, S, T, U, V, and X of the judgment of dissolution. As noted above, while respondent frames her appeal as multiple issues, the primary questions raised before this court are (1) the extent of circuit court's authority to craft a judgment for dissolution of marriage and  (2) whether the circuit court properly denied respondent's amended motion to reconsider with prejudice.

¶ 17                                    A. Forfeiture

¶ 18     At the outset, we note that respondent's amended motion to reconsider challenged only sections 30 and T of the judgment of dissolution and not the additional sections she challenges on appeal. In order to properly preserve an issue for an appeal, a party must both make a contemporaneous objection and raise the issue in a posttrial motion. *Jackson v. Seib*, 372 Ill. App. 3d 1061, 1076 (2007); Ill. S. Ct. R. 366(b)(2)(iii) (eff. Feb. 1, 1994). However, in civil bench trials, "[n]either the filing of nor failure to file a post judgment motion limits the scope of review." Ill. S. Ct. R. 366(b)(3)(ii) (eff. Feb. 1, 1994). Moreover, it has been repeatedly held that the failure to raise an issue in a posttrial motion does not preclude a party from raising that issue on appeal in nonjury civil trials. *Kic v. Bianucci*, 2011 IL App (1st) 100622, ¶ 12. Therefore, respondent's

failure to include challenges to sections 26, 28, 29, 30, R, S, U, V and X in her amended motion to reconsider is not fatal to her arguments on appeal. *Id.*

¶ 19                            B. Lack of Report of Trial Proceedings

¶ 20    Additionally, respondent failed to include a report of the trial proceedings or a certified bystander's report from the parties' contested divorce trial. Illinois law requires a party seeking to have a case reviewed on appeal to present a full and complete record to the court for its consideration. *In re Marriage of Grauer*, 153 Ill. App. 3d 125, 129-30 (1987). When the record does not show all the evidence considered by the circuit court, the court of review will presume that the evidence supported the ruling below. *Id.* at 130. Illinois Supreme Court Rule 321 (eff. Oct. 1, 2021) also provides that the record on appeal shall include any report of proceedings. An issue relating to a circuit court's factual findings and basis for its legal conclusions cannot be reviewed absent a report or record of the proceedings. *Corral v. Mervis Industries, Inc.*, 217 Ill. 2d 144, 156-57 (2005). To the extent that respondent's issues on appeal challenge any of the circuit court's factual findings and the basis for its legal conclusions, we must presume that the circuit court's decision is supported by the facts and evidence presented to it during the trial proceedings conducted below.

¶ 21    As noted above, respondent's issues on appeal essentially amount to a challenge to the circuit court's authority to craft a judgment after a trial as well as the authority to render a judgment to a Canadian citizen and if so, whether the circuit court erred in denying respondent's amended motion to reconsider with prejudice. We  shall examine each issue below.

¶ 22                            C. The Circuit Court's Decision-Making Authority

¶ 23    With respect to respondent's contentions that challenge the circuit court's authority to craft the judgment for dissolution of marriage, we believe that respondent's arguments are misplaced as it is clear that the circuit court had both subject matter and personal jurisdiction over the proceedings  and the parties.

¶ 24    The standard of review for determining whether the circuit court has subject matter jurisdiction is *de novo*. *In re Chrobak*, 349 Ill. App. 3d 894, 897 (2004).

¶ 25    Subject matter jurisdiction refers to the power of a court to hear and determine cases of the general class to which the proceedings in question belong. *2460-68 Clark, LLC v. Chopo Chicken, LLC*, 2022 IL App (1st) 210119, ¶ 22. With the exception of the circuit court's power to review administrative action, which is conferred by statute, a circuit court's subject matter jurisdiction is conferred entirely by the Illinois Constitution. *Id.* Section 9 of article VI of the constitution provides that, with certain exceptions not relevant here, "Circuit Courts shall have original jurisdiction of all justiciable matters." Ill. Const. 1970, art. VI, § 9.  Here, the proceedings at issue concern adjudication of a dissolution of marriage petition, which respondent does not and cannot argue is outside of the circuit court's jurisdiction. We find that dissolution of marriage is a justiciable matter under the purview of the circuit court. Thus, the circuit court had subject matter jurisdiction over the divorce proceedings.

¶ 26    Turning to personal jurisdiction, the issue of whether the circuit court has personal jurisdiction over a party is a question of law, which we also review *de novo*. *Cameron v. Owens-Corning Fiberglas Corp.*, 296 Ill. App. 3d 978, 983 (1998). Personal jurisdiction may be established either by service of process in accordance with statutory requirements or by a party's voluntary submission to the court's jurisdiction. *Municipal Trust and Savings Bank v. Moriarty*,

2021 IL 126290, ¶ 17. The record establishes that respondent voluntarily submitted to the jurisdiction of the court on November 30, 2020, when her attorney filed a written appearance on her behalf. Further, the record establishes that respondent, both by counsel and *pro se*, fully participated in the circuit court proceedings including pretrial, trial and posttrial proceedings. The record further establishes that she was a resident of the state of Illinois when the dissolution petition was filed, although respondent abandoned her permanent residence in the United States and returned to Canada in October 2022. However, that has no bearing on the circuit court's continuing jurisdiction over the divorce proceedings or respondent as a party which was established prior to her return to Canada and her participation in the proceedings. Accordingly, we find that the circuit court had personal jurisdiction over respondent in the divorce proceedings.

¶ 27 Respondent's attempt to challenge the circuit court's authority to enter judgment after a bench trial is also without merit. In this case, as noted above, it is undisputed that the circuit court had both personal and subject matter jurisdiction to enter the judgment of dissolution. It is clear that the circuit court's authority to exercise its jurisdiction and resolve a justiciable question is invoked through the filing of a complaint or petition. *Belleville Toyota, Inc. v. Toyota Motor Sales, U.S.A., Inc.*, 199 Ill. 2d 325, 335 (2002). A justiciable matter is "a controversy appropriate for review by the court, in that it is definite and concrete, as opposed to hypothetical or moot, touching upon the legal relations of parties having adverse legal interests." *Id.* at 335; *McCormick v. Robertson*, 2015 IL 118230, ¶ 21. Here, the justiciable matter was the parties' divorce, which was a controversy that was properly before the circuit court and provided the court with authority to resolve the issues in the case. A final judgment is one that disposes of the rights of the parties with regard to the entire controversy or a definite and separate part thereof. *Gibson v. Belvidere National*

*Bank and Trust Co.*, 326 Ill. App. 3d 45, 48 (2001). The judgment of dissolution was a final judgment with respect to the parties' contested divorce proceedings. Accordingly, we reject respondent's argument that the circuit court lacked the authority to enter judgment in the dissolution proceedings, specifically certain provisions in the judgment which respondent does not agree with.

¶ 28    Moreover, as noted above, respondent failed to include a report of proceedings or certified bystander's report of the parties' bench trial in the record on appeal. An appellant has the burden to present a sufficiently complete record of the proceedings at trial to support a claim of error. *Foutch v.* O'Bryant, 99 Ill. 2d 389, 391-92 (1984). In the absence of such a record on appeal, it will be presumed that the order entered by the circuit court was in conformity with the law and had a sufficient factual basis. *Id.* at 392. Any doubts which may arise from the incompleteness of the record will be resolved against the appellant. *Id.*

¶ 29    The circuit court's dissolution judgment indicated that it resolved the dispute based on the testimony of the parties, the evidence presented, the credibility of the parties, judicial notice of the relevant pleadings and responses, orders entered in the matter, exhibits, stipulations agreed to by the parties, as well as arguments of petitioner's counsel and respondent. In a bench trial, the trial court must weigh the evidence and make findings of fact. *Eychaner v. Gross*, 202 Ill. 2d 228, 251 (2002). The standard of review in a bench trial where there are contested facts is whether the judgment is against the manifest weight of the evidence. *Chicago's Pizza, Inc. v. Chicago's Pizza Franchise Ltd. USA*, 384 Ill. App. 3d 849, 859 (2008). A reviewing court will not substitute its judgment for that of the circuit court in a bench trial unless the judgment is against the manifest weight of the evidence. *Id.* A judgment is against the manifest weight of the evidence only when

the opposite conclusion is apparent or when findings appear to be unreasonable, arbitrary, or not based on evidence. *Id.* Here, without a transcript of the proceedings, this court has no way of knowing what evidence was presented or the substance of the parties' arguments. Given the insufficiency of the record, we must presume that the judgment of dissolution was entered in conformity with the law and was not against the manifest weight of the evidence, including the provisions that respondent disagreed with. See *Foutch*, 99 Ill. 2d at 392.

¶ 30                    D. Respondent's Amended Motion to Reconsider

¶ 31    That said, we must conclude that the circuit court did not err in denying respondent's amended motion to reconsider as we have found that the judgment of dissolution was entered in conformity with the law and was not against the manifest weight of the evidence.

¶ 32    The purpose of a motion to reconsider is to bring to the circuit court's attention newly discovered evidence, changes in the law, or errors in the court's previous application of the existing law. *In re Marriage of Epting*, 2012 IL App (1st) 113727, ¶ 41. An appellate court will not reverse a circuit court's decision to grant or deny a motion to reconsider unless there was an abuse of discretion. *Id.* at ¶ 24. An abuse of discretion occurs when no reasonable person would take the view adopted by the court. *Id.* However, we must apply other standards of review depending on whether the underlying issue is one of fact or law. *In re M.D.*, 2022 IL App (1st) 220017, ¶ 77. Where a motion to reconsider only asks the court to reevaluate its application of the law to the case as it existed at the time of judgment, that is a legal question and our standard of review is *de novo*. *Id.*

¶ 33    Respondent contends that the standard of review should be *de novo* because it is not based on newly discovered evidence or changes in the law. See *In re Marriage of Watkins*, 2017 IL App

(3d) 160645, ¶ 32. In contrast, petitioner contends that respondent is incorrect; rather, petitioner argues that a *de novo* review is only appropriate where the circuit court's decision was based on documents. See *Delasky v. Cillian of Hinsdale*, 109 Ill. App. 3d 978, 980 (1982). Petitioner maintains that the correct standard of review is manifest weight of the evidence where the court's decision was based on an assessment of the credibility of witnesses and the weight to be given their testimony (findings of fact). See *Halata v. Anheuser-Busch Companies, Inc.*, 144 Ill. 2d 425, 433-34 (1991).

¶ 34    Although  respondent contends that her motion to reconsider was a challenge to how the circuit court applied existing law to the facts at hand, we disagree. While the amended motion to reconsider raised numerous arguments, respondent ultimately sought a reversal of the judgment of dissolution because she disagreed with several of its terms and provisions. Respondent also questioned the application of Illinois law to her as a Canadian citizen and made a general allegation without support that  the provisions she disagreed with were procedurally and substantially unconscionable. The moving party on a motion to reconsider has the burden of establishing sufficient grounds to prevail. *Kalmin v. Varan*, 2021 IL App (1st) 200755, ¶ 35. Respondent's amended motion to reconsider, which did not include any case law in support, merely expressed her disagreement with portions of the dissolution judgment's terms, which is contrary to her assertion that it raised errors in the court's previous application of existing law. Nor did Respondent include any argument as to what the circuit court should have done instead to support her contention that the court erred in applying the law. Rather, respondent's arguments evidence a general misunderstanding of Illinois law. Accordingly, we decline respondent's invitation to apply *de novo* review to her amended motion to reconsider.

¶ 35    Additionally, because we have no trial transcript to review on appeal, we must conclude that the circuit court's findings of fact and legal conclusions based on those facts were proper and supported by the evidence presented at trial. *Foutch*, 99 Ill. 2d at 392. We therefore must affirm the denial of respondent's amended motion to reconsider with prejudice.

¶ 36                                   CONCLUSION

¶ 37    For the foregoing reasons, the judgment of the circuit court of Cook County is affirmed.

¶ 38    Affirmed.