*In re* MARRIAGE OF BARBARA ANN GRAUER, Petitioner and Counter-respondent-Appellee, and PAUL W. GRAUER, Respondent and Counterpetitioner-Appellant.

First District (5th Division)   No. 85—1311

Opinion filed February 27, 1987.

Paul W. Grauer, of Schaumburg, for appellant, *pro se*.

Robert E. Senechalle, Jr., of Senechalle & Murray, P.C., of Arlington Heights, for appellee.

JUSTICE LORENZ delivered the opinion of the court:

Petitioner initially instituted a dissolution of marriage action but later withdrew her petition. The case thereafter proceeded to trial uncontested and solely on respondent's counterpetition. Raised for the trial court's consideration in said counterpetition were the issues of property, maintenance, and child support. Following the trial and

while the court's decision was pending, petitioner filed a prayer for relief requesting attorney fees pursuant to section 508 of the Illinois Marriage and Dissolution of Marriage Act (Ill. Rev. Stat. 1983, ch. 40, par. 508). The judgment of dissolution of marriage both ordered respondent to pay a portion of petitioner's attorney fees and reserved child support should a change in circumstances warrant such reconsideration. It is from those portions of the judgment that this appeal is taken.

For the reasons stated herein, we affirm.

On August 27, 1981, Barbara Grauer (hereinafter referred to as petitioner) filed a petition for dissolution of marriage from her husband of 19 years, Paul Grauer (hereinafter referred to as respondent). Respondent initially filed an answer but later counterpetitioned. Petitioner then responded to the counterpetition. On May 14, 1984, petitioner withdrew her petition and the case proceeded to trial on an uncontested basis on the allegations set forth in respondent's counterpetition. After an initial finding of mental cruelty, the case continued to trial solely on the issues of property, maintenance, and child support.

While the court was reviewing the evidence presented at trial and prior to it reaching a decision, petitioner filed a petition for attorney fees pursuant to section 508 of the Illinois Marriage and Dissolution of Marriage Act (Ill. Rev. Stat. 1983, ch. 40, par. 508(a)(1)). Respondent filed a response to the fee petition, and a full evidentiary hearing was held on the matter.

On November 29, 1984, the trial court made an oral pronouncement of its final decision, leaving certain disputed matters for future resolution. On April 8, 1985, a written judgment of dissolution of marriage was entered. Said judgment ordered respondent, in relevant part, to pay a portion of petitioner's attorney fees. It further reserved the court's right to reconsider its decision to hold against respondent on the issue of child support should a change in circumstances warrant such reconsideration.

Respondent appeals from the judgment below on the grounds that the court lacked jurisdiction both to award attorney fees and to enter the April 8, 1985, judgment. Alternatively, respondent argues that the trial court (1) failed to make express findings of fact as required by statute; (2) erred in reserving child support due from petitioner; (3) abused its discretion in awarding petitioner's attorney a fee of $30,285 for legal services; and (4) failed to enter a written judgment that accurately reflected its prior oral pronouncement.

OPINION

We initially consider whether the court had jurisdictional power to order respondent in the instant case to pay a portion of his wife's attorney fees.

Section 508 of the Illinois Marriage and Dissolution of Marriage Act (Act) (Ill. Rev. Stat. 1983, ch. 40, par. 508(a)(1)) especially grants the trial court authority during the pendency of an action to order "from time to time, after due notice and hearing, and after considering the financial resources of the parties" the payment of attorney fees incurred either in the maintenance or defense of the proceeding. The record in the instant case reveals that petitioner filed her petition for fees pursuant to section 508 on October 12, 1984, while the court's decision on the dissolution of marriage action was still pending. It further shows that, while respondent filed a lengthy and detailed response to the fees petition, he never raised the alleged jurisdictional issue. Lastly, a detailed evidentiary hearing was conducted by the trial court on the matter. Respondent not only attended the hearing with his lawyer, but also called an expert witness to the stand to testify on his behalf.

█ It is nonetheless argued that petitioner's failure to add a prayer of relief for attorney fees in her answer to the counterpetition deprived the trial court of its jurisdictional power to order respondent to make such payment in the judgment order. We find this argument to be devoid of merit, as it incorrectly assumes that a deficiency in the pleadings adversely affected the authority vested in the court to include the fees provision in its final judgment. Section 508 of the subject Act in and of itself grants the court the authority to order the payment of said fees. As such, we need only be concerned that the petition for fees was properly filed, that due notice was given, and that a hearing on the matter was conducted. Since it is patently clear that these statutory requisites were complied with, the trial court's decision to order respondent to pay a portion of petitioner's attorney fees was entirely proper.

█ Respondent next contends that, since the trial court's oral pronouncement on November 29, 1984, constituted the entry of a final judgment, the written judgment subsequently entered on April 8, 1985, was void. Under the provisions of Supreme Court Rule 272, a "judgment is entered at the time it is entered of record." Here, the only judgment "entered of record" was the one entered on April 8, 1985. As there does not appear to be any evidence that the judge's oral pronouncement of her decision on November 29, 1984, was ever entered of record, we must conclude that it did not constitute a final

judgment. Further, we are not at all persuaded that respondent had no knowledge that a written judgment would follow the court's oral pronouncement. It is not only customary to do so in nearly all domestic relations cases, but also there are indications that respondent submitted a proposal of such judgment in contemplation of the judge's intention to execute a written order.

■■ We next consider whether the trial court (1) failed to make express findings of fact as required by statute; (2) erred in reserving child support; (3) abused its discretion on awarding excessive attorney fees; and (4) failed to enter a written judgment that accurately reflected its prior oral pronouncement.

In paragraph 14 of the written judgment of dissolution of marriage the trial court concluded as follows:

"14. The husband has a far greater ability to support himself and the minor children of the parties without any support from the wife. The court is fully aware of the minimum percentage statutory child support allowances contained therein."

Prior to making the above finding, the court specifically made reference to such factors as the relative earnings of the parties and their disparate financial positions. Only after giving the above due consideration did it conclude that petitioner, at that point in time, was incapable of shouldering support payments, while respondent possessed adequate funds to cover for the minors' care. As the trial judge's rationale for reaching such conclusion was set forth in the April 8, 1985, judgment, respondent's argument that express findings were lacking with regard to the court's decision to hold respondent solely responsible for child support is wholly without merit.

■■ Neither are we persuaded by respondent's claim that the trial court had no authority to reserve child support. The record indicates that respondent throughout the dissolution proceedings frequently attempted to hide or divert his assets. For instance, there is evidence that he deliberately understated his income, presumably so the court would not find out that he was in a superior financial situation than petitioner. Respondent's testimony that he owed money to his secretary and his mother also appears to be dubious at best. Under the facts set forth in the record, we must therefore conclude that the court properly denied respondent's request for child support and reserved the right to reconsider its decision at a later date should a change in circumstances warrant reconsideration.

■■ We further find that it was not an abuse of the court's discretion to award attorney fees to petitioner's counsel. Illinois law requires a party seeking to have his case reviewed on appeal to present

a full and complete record to the court for its consideration. (*Hogan v. Braudon* (1976), 40 Ill. App. 3d 352, 352 N.E.2d 303.) Where the record does not show all the evidence considered by the trial court, the court of review will presume that the evidence supported the ruling below. (*Chicago Title & Trust Co. v. Guaranty Bank & Trust Co.* (1978), 59 Ill. App. 3d 362, 375 N.E.2d 522.) Respondent in the instant case failed to include a report of proceedings of either the trial on the property issues or the evidentiary hearing on petitioner's fee petition. This court cannot and will not decide in favor of respondent on the alleged abuse of discretion in the absence of his showing in the record facts that would support such a conclusion. As the record is not complete, we must presume that the trial court's decision to award petitioner attorney fees and order respondent to pay the same is amply supported by the facts presented to it during the proceedings conducted below.

■■ ■ Finally, we disagree with respondent that the trial court erred in entering a written judgment which differed from its prior oral pronouncement. It has been well established that in the interim between an oral pronouncement and the entry of a written judgment, the trial court may consider changed circumstances and subsequently effectuate additions or deletions as it sees fit or determines to be proper. (*In re Marriage of Parello* (1980), 87 Ill. App. 3d 926, 409 N.E.2d 461.) In the instant case, the trial judge left certain matters undecided at the time she orally announced her judgment of dissolution. As these matters were resolved in the interim period after being presented with additional information, the court was not restricted to either its oral judgment or its original findings. Accordingly, it was not improper for the trial judge to consider this additional information in the resolution of these matters and enter a written judgment consistent with it.

For the foregoing reasons, the judgment of the trial court is affirmed.

Affirmed.

SULLIVAN, P.J., and MURRAY, J., concur.