2025 IL App (1st) 241929-U

THIRD DIVISION
July 9, 2025

No. 1-24-1929

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

| | | |
|---|---|---|
| SABLE LAW GROUP, LLC, | ) | Appeal from the Circuit Court of Cook County. |
| Petitioner-Appellant, | ) | |
| | ) | |
| v. | ) | No. 2017 P 002587 |
| | ) | |
| SING HATCHER, JR., | ) | |
| | ) | Honorable |
| Respondent-Appellee. | ) | Daniel O. Tiernan, |
| | ) | Judge, presiding. |
| | ) | |

JUSTICE D.B. WALKER delivered the judgment of the court.
Presiding Justice Lampkin and Justice Martin concurred in the judgment.

**ORDER**

¶ 1     *Held:*  Petitioner failed to include a record of the relevant hearing and so this court cannot adequately review the matter to determine whether the circuit court abused its discretion. Affirmed.

¶ 2     Petitioner Sable Law Group, LLC (Petitioner) became involved in the probate of the estate of Sing Hatcher in 2019, when Sing's granddaughter, Angel Hatcher (Angel), retained its services to file a motion to establish her father and uncle, Sing's sons, Michael and Sing Jr., as the heirs to the estate. After Angel was replaced as administrator of the estate by Sing Jr. (Respondent),

petitioner represented him throughout the remainder of the probate proceedings to date and eventually filed a petition for attorney fees. Respondent objected to the requested amount of attorney fees and suggested a lesser amount. The court awarded an amount less than either party suggested and petitioner appeals, arguing that the court's decision was palpably erroneous and an abuse of discretion. We affirm the circuit court's order.

¶ 3                                   I. BACKGROUND

¶ 4     Respondent's brief includes no statement of facts, leaving petitioner's account uncontested. However, we will note where certain portions of petitioner's account of the facts lack support in the record.

¶ 5     In 2017, following the death of Sing Hatcher, his sister, Bobbie Craft (Craft) filed a Petition for Letters of Administration for her brother's estate, swearing that Sing died without ever having married and without any children. Letters of Office were issued to Craft and she began administering the estate. On March 6, 2019, after being retained by Angel, the daughter of Michael Hatcher and granddaughter of Sing Hatcher, petitioner filed an emergency motion to amend heirship and identify Michael, as well as respondent (his brother), as the heirs of Sing Hatcher. The court appointed Angel Hatcher as the administrator of the estate on May 16, 2019. Petitioner alleges that Angel paid a $1,675.00 retainer fee when she hired petitioner, but the engagement letter to which petitioner cites does not detail any dollar amounts. The only indicia that Angel ever paid such a retainer are respondent's assertion and the fact that the final accounting showed the account's balance standing at -$1,675.00. Petitioner alleges that it came to an agreement with Angel that legal fees would be paid when the estate was closed, but the email exchange cited for that assertion only shows Angel expressing a lack of ability to pay in that moment, Angel asking if the estate could be billed, and petitioner agreeing.

¶ 6    Petitioner filed objections to petitions from Craft to recover expenses. Petitioner attempted to contact Angel multiple times, only to learn, after several months with no return communication, that Angel had misappropriated estate funds. Petitioner filed a motion to disqualify Angel, and she was subsequently replaced as the estate administrator by respondent. Respondent directed petitioner to file a Petition for Citation to Discover Assets to look into potential misappropriation of estate funds by Craft and Angel. Petitioner attempted for "several months" to communicate with Craft and with Angel to resolve the matters. The estate ultimately settled with the previous administrators in August and October 2023, and recovered some of the allegedly misappropriated money.

¶ 7    On March 6, 2024, petitioner filed its petition for attorney fees seeking $49,381.39 for services from the time of its initial appearance in 2019 through April 1, 2024. The last itemized expense was dated February 24, 2024. On April 22, 2024, respondent filed an objection to the fees, arguing that the initial retainer agreement signed by Angel did not specify an hourly rate and that, to the degree that previous invoices had shown an hourly rate, that rate was $335 per hour, not the $475 per hour that petitioner now sought. Respondent also objected to various line items, such as objecting to four hours being an excessively long time for an experienced litigator to spend on a task labeled "Motion Practice: Reviewed, researched, prepared and drafted objections to Craft's Petition for Reimbursement," the document produced from which was three pages long. Respondent objected to several other line items, including a five hour block labeled "Email Correspondence: Continuous e-mail and telephone communication with Angel Hatcher regarding her need to respond to the court with a detail [*sic*] itemization of the funds that she handled so the court can determine the damage."

¶ 8    On July 2, 2024, the circuit court continued the matter for a hearing on August 28, 2024. The record contains an order entered on August 28, 2024, directing that petitioner be paid $25,000

in attorney fees. The record contains no transcript or bystander's report of that hearing, leaving the one-page August 28 order as the whole of the evidence available to this court to determine on what basis the circuit court reduced petitioner's requested attorney fees and chose to award $25,000.

¶ 9    Petitioner finished its recounting of the facts of this case with reference to the initial balance of the estate account ($133,429.21) and the amount it earned from the sale of real estate ($120,722.60), with a citation to the final accounting performed for the estate. Petitioner then cited $78,108.07 as the amount of money to be recovered from Angel and Craft, which petitioner claims would bring the value of the estate to $205,038.40. These last two numbers are not accompanied by any kind of citation and the amounts cited by petitioner do not add up. Regardless, respondent also uses the $205,038.40 amount as "the estate's total value including repayment of all the stolen funds" and states that petitioner's requested fees constituted approximately 25% of the total value of the estate.

¶ 10    Petitioner timely appealed the attorney fees order on September 25, 2024.

¶ 11                                II. ANALYSIS

¶ 12    On appeal, petitioner argues that (1) the circuit court's reduction of the requested attorney fees was palpably erroneous and constituted an abuse of discretion and (2) that the allowed fees were contrary to the manifest weight of the evidence and therefore an abuse of discretion.

¶ 13    We note as an initial matter that petitioner has not included a report of proceedings in the record on appeal, as required by Illinois Supreme Court Rule 321. Ill. S. Ct. R. 321 (eff. Oct 1, 2021). Although Rule 323(c) and (d) allow for use of a bystander's report or an agreed statement of facts instead of a report of proceedings, petitioner has also not included any such document. Ill. S. Ct. R. 323(c)-(d) (eff. July 1, 2017). "An issue relating to a circuit court's factual findings and basis for its legal conclusions obviously cannot be reviewed absent a report or record of the proceedings." *Corral v. Mervis Industries, Inc.*, 217 Ill. 2d 144, 156 (2005). Where we lack a

4

record of the hearing at which the decision under review was made, we presume the decision to be "amply supported by the facts presented." *In re Marriage of Grauer*, 153 Ill. App. 3d 125, 130 (1987).

¶ 14 Petitioner exclusively cites outdated "palpable error" language with regard to standard of review for orders granting attorney fees. *In re Estate of Halas*, 159 Ill. App. 3d 818, 832 (1987). Although some cases of its age and older use the "palpable error" language, *Halas* also refers to the relevant standard of review for decisions awarding attorney fees that has been in place for more than a century: abuse of discretion. *Id*. at 832. See also *In re Marriage of Tronsrue*, 2025 IL 130596, ¶ 29; *Ingraham v. Ingraham*, 169 Ill. 432, 472 (1897). "An abuse of discretion occurs when the trial court's ruling is arbitrary, fanciful, unreasonable, or where no reasonable person would take the view adopted by the trial court." (Internal quotation marks omitted.) *In re Marriage of Heroy*, 2017 IL 120205, ¶ 24.

¶ 15 Here, we simply lack the necessary information to conclude that an abuse of discretion occurred. In arguing that the allowed fee amount was against the manifest weight of the evidence, petitioner states that "the trial judge's sole consideration was the value of the estate and the percentage thereof that would be applied to legal fees." Without a record of the hearing on the fee petition, we have no way to determine whether the court did, in fact, limit its considerations to only certain factors. Instead, we must assume the court considered the appropriate factors. Petitioner also argues that the circuit court "misapprehended the nature of all the work that was performed by [petitioner]" and that the circuit court made contradictory findings that the attorney in question was diligent, prudent, and skillful, and acted in good faith, yet rendered unnecessary and unwarranted services. With no record of the hearing, we have no basis to verify what findings were made and cannot possibly conclude the court abused its discretion. Accordingly, we find no abuse of discretion and affirm the circuit court's order.

¶ 16                             III. CONCLUSION

¶ 17    For lack of any record of the events of the relevant hearing, we cannot conclude that the

circuit court abused its discretion.

¶ 18    For the above reasons, we affirm the circuit court's order.

¶ 19    Affirmed.