2025 IL App (1st) 241833-U

No. 1-24-1833

Order filed December 31, 2025

Fifth Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| JERICO MATIAS CRUZ, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Cook County. |
| | ) | |
| v. | ) | No. 22 L 007041 |
| | ) | |
| CAPITAL FITNESS, INC.; CFI SERIES, LLC; KELLY | ) | Honorable |
| CARTWRIGHT; CAPITAL FITNESS- CHICAGO | ) | John J. Curry, |
| ELSTON/CFI SERIES, LLC; XSPORT FITNESS; and | ) | Judge, Presiding. |
| XSPORT FITNESS and XSPORT GYM & TAN, | ) | |
| | ) | |
| Defendants-Appellants. | ) | |

JUSTICE ODEN JOHNSON delivered the judgment of the court.
Presiding Justice Mitchell and Justice Tailor concurred in the judgment.

**ORDER**

¶ 1    *Held*:  We affirm the circuit court's dismissal of plaintiff's *pro se* complaint based on plaintiff's failure to properly serve defendants and find that the circuit court's denial of plaintiff's amended motion for default was not an abuse of discretion where there was no proper service.

¶ 2    *Pro se* Plaintiff Jerico Matias Cruz appeals from the dismissal of his *pro se* complaint against defendants Capital Fitness, Inc.; CFI Series, LLC; Kelly Cartwright; Capital Fitness-

Chicago Elston/CFI Series, LLC; XSport Fitness; and XSport Fitness and XSport Gym & Tan (collectively defendants) for breach of contract. On appeal, plaintiff contends that the circuit court erred (1) in dismissing his complaint for failure to properly serve defendants; (2) denying his amended motion for default judgment against defendants for failure to answer the breach of contract complaint within 30 days of receiving a properly served summons and/or second alias summons and original complaint; and (3) denying his amended motion to vacate the dismissal of defendants Capital Fitness, Inc., CFI Series, LLC, and Kelly Cartwright on August 1, 2024. For the following reasons, we affirm.

¶ 3                                    BACKGROUND

¶ 4       Plaintiff filed his *pro se* breach of contract suit against defendants on August 7, 2022, in Cook County. Summons attached to the complaint listed a street address for each defendant. Pursuant to the record, the circuit court then entered a series of orders setting status hearings on service of plaintiff's complaint and summons.

¶ 5       At the initial status hearing on October 24, 2022, the circuit court granted plaintiff leave to obtain alias summons for each defendant and the matter was continued to January 9, 2023, for status thereon. The record reveals that plaintiff filed alias summons directed to defendants at the same street addresses as the initial summons but with an added option for certified mail and checked it by hand. A new status date was subsequently set for February 27, 2023, after which, the circuit court set an in-person status on service for April 17, 2023.[1] Plaintiff has not provided a report of proceedings or bystander's report from that status hearing, but the record indicates that a subsequent in-person status hearing on service was set for June 20, 2023.

---

[1] All prior status hearings occurred online using the Zoom teleconferencing application.

¶ 6     Plaintiff filed a *pro se* motion for extension of time to serve the summons by the Cook County Sheriff on June 7, 2023, based on his interlocutory appeal of the denial of his fee waiver application. The record indicates that an order for another status hearing and to issue an alias summons was set for September 12, 2023, at the June 27, 2023, status hearing. The next status hearing was set for December 5, 2023, at which time the circuit court granted plaintiff a continuance based on the disposition of his fee waiver appeal.[2] The next status date was then set for March 7, 2024. On March 7, 2024, the circuit court entered an order granting plaintiff leave to file an alias summons to serve the defendants with the original complaint and scheduled a status hearing for June 20, 2024.

¶ 7     Plaintiff was again granted leave to file an alias summons to serve the defendants with the original complaint at the June 20, 2024, status hearing, and a new hearing was set for August 1, 2024. The record contains copies of alias summons dated June 24, 2024, for each defendant to the same addresses listed in the previous summons. It appears that three of the corporate alias summons were served by the sheriff on an individual at the street address listed although the box for corporate service on the registered agent is checked.

¶ 8     On July 29, 2024, plaintiff filed a *pro se* motion for extension of time to file the affidavits of service, which the circuit court denied on August 1, 2024. The circuit court also dismissed plaintiff's complaint as to defendants Capital Fitness, Inc., CFI Series, LLC, and Kelly Cartwright for lack of diligence in service. The case was continued to September 11, 2024, as to the remaining

---

[2] The record indicates that this court dismissed plaintiff's appeal for want of prosecution on March 4, 2024, in case number 1-23-0686.

defendants: Capital Fitness- Chicago Elston/CFI Series, LLC, XSport Fitness, and XSport Fitness and XSport Gym & Tan.

¶ 9     Plaintiff filed a *pro se* motion to vacate the dismissal of defendants Capital Fitness, Inc., CFI Series, LLC, and Kelly Cartwright on August 12, 2024. In the motion, plaintiff explained that on January 9, 2023, he explained to the circuit court that the defendants were served through certified first class mail postmarked November 26, 2022, but the court was looking for evidence of return of service because the defendants had legal rights to refuse to waive the service required by section 213(e) of the Code of Civil Procedure (Code) (735 ILCS 5/2-213(e) (West 2024)).

¶ 10    The following day, August 13, 2024, plaintiff filed a *pro se* motion for default judgment against all defendants for failure to answer his complaint within 30 days after receiving a proper service of summons and/or alias summons and original complaint. The motion restated plaintiff's position that he served all defendants by USPS certified first class mail and further stated that three of the defendants were also served by the sheriff at their street addresses. Copies of the certified mail receipts were attached to the motion. On August 21, 2024, plaintiff filed an amended *pro se* motion for default judgment, and the following day he filed an amended motion to vacate the dismissal.

¶ 11    On August 27, 2024, the circuit court struck plaintiff's *pro se* motion to vacate because no one appeared. On September 4, 2024, the circuit court denied plaintiff's amended *pro se* motion to vacate the dismissal of defendants Kelly Cartwright, Capital Fitness, Inc. and CFI Series, LLC after a hearing. No report of proceedings or bystander's report from the hearing is contained in the record.

¶ 12　On September 10, 2024, after a hearing on plaintiff's *pro* se amended motion for default judgment as to the remaining defendants, the circuit court entered an order that: (1) denied plaintiff's amended motion for default judgment; (2) on the court's own motion, partially vacated its prior August 1, 2024, order as to defendants Capital Fitness- Chicago Elston/CFI Series, LLC; XSport Fitness; and XSport Fitness and XSport Gym & Tan; (3) dismissed plaintiff's complaint against defendants Capital Fitness- Chicago Elston/CFI Series, LLC; XSport Fitness; and XSport Fitness and XSport Gym & Tan for (a) lack of jurisdiction, (b) lack of proper service reflected in the court docket, and (c) lack of diligence in properly serving defendants. The court's order noted that the order was final and appealable as all defendants were dismissed. The record does not contain a report of proceedings or bystander's report from that hearing.

¶ 13　Plaintiff filed his *pro se* notice of appeal on September 17, 2024.

¶ 14　　　　　　　　　　　　　　　ANALYSIS

¶ 15　Before considering the merits of this appeal, we note that none of the defendants filed a brief. The record in this case is simple, and we find that the issues can be resolved easily without the aid of appellee briefs. We will therefore address plaintiff's claims on their merits. *First Capitol Mortgage Corp. v. Talandis Construction Corp.*, 63 Ill. 2d 128, 133 (1976).

¶ 16　We further note that plaintiff has not provided a report of proceedings or a substitute. "[A]n appellant has the burden to present a sufficiently complete record of the proceedings at trial to support a claim of error, and in the absence of such a record on appeal, it will be presumed that the order entered by the trial court was in conformity with law and had a sufficient factual basis. Any doubts which may arise from the incompleteness of the record will be resolved against the appellant." *Foutch v. O'Bryant*, 99 Ill. 2d 389, 391-92 (1984).

¶ 17    As stated previously, plaintiff contends that the circuit court erred (1) in dismissing his complaint for failure to properly serve defendants; (2) denying his amended motion for default judgment against defendants for failure to answer the breach of contract complaint within 30 days of receiving a properly served summons and/or second alias summons and original complaint; and (3) denying his amended motion to vacate the dismissal of defendants Capital Fitness, Inc., CFI Series, LLC, and Kelly Cartwright on August 1, 2024.

¶ 18    Here, the circuit court dismissed plaintiff's *pro se* complaint on its own motion, for three reasons: (1) lack of jurisdiction, (2) lack of proper service reflected in the court docket, and (3) lack of diligence in properly serving defendants. We shall examine each in turn.

¶ 19    Personal jurisdiction over a party may be established either through service of process that complies with statutory requirements or through the party's voluntary submission to the court's jurisdiction. *BAC Home Loans Servicing, LP v. Mitchell*, 2014 IL 116311, ¶ 18. Whether a court has obtained jurisdiction over a party through either of these avenues is a question of law subject to *de novo* review. *Witcher v. State Farm Fire & Casualty Co.*, 2018 IL App (5th) 170001, ¶ 13.

¶ 20    Proper service of process in this case is governed by sections 2-203, 2-204 and 2-206 of the Code of Civil Procedure (Code) (735 ILCS 5/2-203, 2-204, 2-206 (West 2024)), as there are five corporate defendants and one individual defendant.

¶ 21    Section 2-203 applies to service of process on individuals. The statute provides in pertinent part that,

> "[e]xcept as otherwise expressly provided, service of summons upon an individual defendant shall be made (1) by leaving a copy of the summons with the defendant personally, (2) by leaving a copy at the defendant's usual place of abode, with some person

of the family or a person residing there, of the age of 13 years or upwards, and informing that person of the contents of the summons, provided the officer or other person making service shall also send a copy of the summons in a sealed envelope with postage fully prepaid, addressed to the defendant at his or her usual place of abode * * *. 735 ILCS 5/2-203(a) (West 2024).

¶ 22    Section 2-204 applies to service of process in civil suits on corporations. The statute provides that:

"[a] private corporation may be served by (1) leaving a copy of the process with its registered agent or any officer or agent of the corporation found anywhere in the State; or (2) in any other manner now or hereafter permitted by law. A private corporation may also be notified by publication and mail in like manner and with like effect as individuals." 735 ILCS 5/2-204 (West 2024).

¶ 23    Section 2-206 governs service by publication; affidavit; mailing; certificate when service cannot be completed because a defendant is no longer a resident in the State or cannot be located and provides that the clerk shall publish notification of the suit and then send a copy by mail to defendant's last known address. 735 ILCS 5/2-206 (West 2024).

¶ 24    With those requirements in mind, we first turn our attention to the respondent's contentions that he provided proper service of process to defendants by sending a copy of the complaint by certified first class mail and that the circuit court erred in dismissing his complaint against all defendants (plaintiff's issues I and III). Plaintiff asserts that his method of service was proper pursuant to sections 2-213(e) and section 2-1301(d) of the Code (735 ILCS 5/2-213(e), 2-1301(d) (West 2024)). Plaintiff's arguments are misplaced.

¶ 25    First, we find that plaintiff's argument regarding the applicability of section 2-213 is without merit because that section does not apply to the circumstances present in this case. Section 2-213, which governs waiver of service, provides, in pertinent part:

"(a) Notice and request for waiver. A plaintiff may notify a defendant of the commencement of an action and request that the defendant waive service of a summons. The notice and request shall:

(1) be addressed to an individual who is the defendant or who could be served as representative of an entity that is defendant;

(2) be dispatched through first class U.S. mail or other equally reliable means;

(3) contain a copy of the complaint and identify the court in which it has been filed;

(4) inform the defendant of the consequences of compliance and of a failure to comply with the request;

(5) allow the defendant a reasonable time to return the waiver, which shall be at least (i) 30 days from the date on which the request is sent or (ii) 60 days if the defendant is addressed outside the United States; and

(6) provide the defendant with an extra copy of the notice and request and prepaid means of compliance in writing.

* * *

(e) Right to refuse to waive service; effect of refusal. A defendant may refuse to waive service of a summons. If a defendant does not return the waiver provided for in subsection (a), the plaintiff must serve summons on that defendant as otherwise provided by this Code and Supreme Court rules." 735 ILCS 5/2-213(a), (e) (West 2024).

¶ 26 The record does not contain a request by plaintiff for any of the defendants to waive service of the complaint and summons at any time. Moreover, even if such request had been made, under section 2-213(e) of the Code, a defendant has the right to refuse to waive service, in which case the plaintiff must serve defendant properly. *Id.* At any rate, plaintiff's argument is wholly without merit as it is based on a misunderstanding of section 2-213(e), which does not provide for service by certified first class mail.

¶ 27 We similarly reject plaintiff's contention that service by mail was timely and proper under section 2-1301(d) of the Code because that section governs default and confession judgments, and not service of process. See 735 ILCS 5/2-1301(d) (West 2024).

¶ 28 As noted above, plaintiff did not include a report of proceedings or bystander's report from any of the several status hearings concerning service of his complaint and summons. Illinois law requires a party seeking to have a case reviewed on appeal to present a full and complete record to the court for its consideration. *In re Marriage of Grauer*, 153 Ill. App. 3d 125, 129-30 (1987). When the record does not show all of the evidence considered by the circuit court, the court of review will presume that the evidence supported the ruling below. *Id*. at 130. Illinois Supreme Court Rule 321 (eff. Oct. 1, 2021) also provides that the record on appeal shall include any report of proceedings. An issue related to a circuit court's factual findings and basis for its legal conclusions cannot be reviewed absent a report or record of the proceedings. *Corral v. Mervis Industries, Inc.*, 217 Ill. 2d 144, 156-57 (2005). To the extent that plaintiff's issues on appeal challenge any of the circuit court's factual findings and the basis for its legal conclusion, we must presume that the circuit court's decision is supported by the facts and evidence presented to it during the proceedings conducted below.

¶ 29 Upon our *de novo* review of the circuit court's order and the record, we conclude that the circuit court did not err in dismissing plaintiff's complaint.

¶ 30 The defendants in this case comprised five corporate entities and one individual. As to defendants Capital Fitness, Inc., CFI Series, LLC, and Kelly Cartwright, plaintiff used the street address of 100 Illinois Street, Suite 201, St. Charles, Illinois for all notifications and service. As to defendants XSport Fitness, XSport Fitness and Gym & Tan, and Capital Fitness- Chicago Elston/CFI Series, LLC, plaintiff used the street address of 4677 North Elston Avenue in Chicago for all notifications and service.

¶ 31 With respect to plaintiff's purported service on Kelly Cartwright, section 2-203 of the Code requires that service on an individual be accomplished by serving the individual at his or her abode. The record is clear that plaintiff never attempted to serve or served Cartwright at her abode but merely mailed a copy of his complaint and summons to what was purportedly her work address. While the record indicates that plaintiff was given several opportunities to issue alias summons, he nevertheless persisted in ignoring the mandates of section 2-203 in attempting to serve Cartwright. Plaintiff argues in his brief that Cartwright (and the other defendants to whom he mailed the complaint and summons to in St. Charles) were outside of the Cook County Sheriff's jurisdiction for service. However, the record does not indicate that plaintiff requested leave for a special process server or any other type of service for Cartwright, and we do not have a report of proceedings or bystander's report for any of the status hearings where service was discussed. We must therefore presume that the circuit court's conclusion that there was no proper service on Cartwright and thus no jurisdiction was supported by the facts and evidence presented to it. We affirm the circuit court's determination that plaintiff did not properly serve Cartwright.

¶ 32    The same conclusion applies to the five corporate defendants named in plaintiff's complaint. Section 2-204 of the Code requires that service on corporations be made on their registered agents. The record does not indicate that plaintiff attempted to serve or serve any of the registered agents for these entities. Rather, it appears that plaintiff merely mailed a copy of his complaint and summons to the physical address of the corporate defendants, which is insufficient under section 2-204. Plaintiff makes no argument in his brief as to why he did not serve the registered agents of the corporate defendants. Again, plaintiff did not provide a report of proceedings or bystander's report of the many status hearings that were held regarding service; thus, we must presume that the circuit court's decision was supported by the facts and evidence before it. We therefore affirm the circuit court's conclusion that plaintiff failed to properly serve the five corporate defendants and thus the court lacked jurisdiction over them.

¶ 33    The circuit court also found that plaintiff lacked diligence in attempting to serve the defendants. We agree. Plaintiff's complaint was filed in August 2022. It was not dismissed until two years later, in September 2024, at which point none of the defendants had been served properly. The record does not indicate that plaintiff ever engaged the sheriff to attempt service of the complaint and initial summons in 2022, rather, plaintiff simply mailed a copy of the pleadings to the defendants to what was purportedly their various places of business. Even without any report of proceedings or bystander's report included in the record, the record clearly shows that the circuit court gave plaintiff many opportunities to serve the defendants over the next two years and plaintiff did not follow the statutory requirements for service at any time. We affirm the circuit court's finding that plaintiff lacked diligence in serving defendants and affirm the dismissal of plaintiff's complaint against all of the defendants.

¶ 34   Our conclusion that the circuit court properly dismissed plaintiff's complaint for lack of proper service necessarily requires us to affirm the circuit court's denial of plaintiff's amended motion for default judgment. Whether to grant or deny a motion for default under section 2-1301 of the Code (735 ILCS 5/2-1301 (West 2024)) is within the sound discretion of the trial court and its decision will not be reversed absent an abuse of discretion or a denial of substantial justice. *CitiMortgage, Inc. v. Moran*, 2014 IL App (1st) 132430, ¶ 23. While plaintiff is correct that section 2-1301(d) (735 ILCS 5/2-1301(d) (West 2024)) allows for a default judgment to be entered for failure to file an appearance or plead, that section presumes that proper service on the defendant was made. Here there was no proper service on any of the defendants, thus there could be no default judgment against any of the defendants. Therefore, the circuit court did not abuse its discretion in denying plaintiff's amended motion for default judgment.

¶ 35   Further, we note that such dismissal is a dismissal without prejudice pursuant to Illinois Supreme Court Rule 103(b), which provides, in pertinent part, if the plaintiff fails to exercise reasonable diligence to obtain service prior to the expiration of the applicable statute of limitations, the action as a whole or as to any unserved defendant may be dismissed without prejudice. ***" Ill. S. Ct. R. 103(b) (eff. July 1, 2007). As such, plaintiff is free to refile his action prior to the expiration of the statute of limitations, which is 10 years on a written contract. See 735 ILCS 5/13-206 (West 2024).

¶ 36   We recognize that plaintiff is a *pro se* litigant and has represented himself throughout these proceedings, which is a difficult task for anyone without legal training regardless of their level of education and intelligence. However, Illinois courts treat *pro se* litigants the same as licensed attorneys. A *pro se* litigant must comply with the same rules and is held to the same standard as a

licensed attorney. *Holzrichter v. Yorath*, 2013 IL App (1st) 110287, ¶ 78. This is true both in the circuit court and as well as this appellate court.

¶ 37                                      CONCLUSION

¶ 38     We affirm the circuit court's dismissal of plaintiff's *pro se* complaint against all defendants for lack of proper service and affirm the circuit court's denial of plaintiff's *pro se* amended motion for default judgment.

¶ 39     Affirmed.