2026 IL App (1st) 251607-U

SECOND DIVISION
March 31, 2026

No. 1-25-1607

**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

| | | |
|---|---|---|
| *IN RE* PARENTAGE OF | ) | Appeal from the Circuit Court of Cook County. |
| | ) | |
| AM. P. and AU. P, MINORS | ) | |
| | ) | |
| (Dontae Pitts, | ) | |
| | ) | |
| Petitioner-Appellant, | ) | No. 2014 D6 79009 |
| | ) | |
| and | ) | |
| | ) | |
| Euraina Daniels, | ) | |
| | ) | Honorable H. Yvonne Coleman, |
| Respondent-Appellee). | ) | Judge, presiding. |

JUSTICE DEBRA B. WALKER delivered the judgment of the court.
Justices McBride and Ellis concurred in the judgment.

**ORDER**

¶ 1    *Held:*  Appellant failed to include a report of proceedings or acceptable substitute to support his claims of error regarding the trial court's grant of appellee's petition to relocate with the parties' minor children to Florida.  Therefore, this court must presume the trial court's order was in conformity with the law and supported by a sufficient factual basis.  Affirmed.

¶ 2    Respondent Euraina Daniels petitioned the trial court for leave to relocate to Florida with her two children (Am. P. and Au. P.), whom she had with petitioner Dontae Pitts.  Following an

evidentiary hearing, the court granted Euraina's petition. Dontae now appeals *pro se* from the trial court's order. For the following reasons, we affirm the judgment of the trial court.

¶ 3                                    BACKGROUND

¶ 4      Dontae and Euraina are the parents of two children: Am. P. (born June 28, 2013) and Au. P. (born November 21, 2016). On May 10, 2018, Euraina married Khalil Daniels. On August 6, 2018, the parties entered into a mediation agreement, which in relevant part allocated parenting time to each parent on an alternating one-week schedule.

¶ 5      On January 31, 2025, Euraina filed a *pro se* motion [*sic*] to relocate to Florida. On February 13, 2025, Dontae filed an emergency motion seeking an order preventing Euraina from taking the children out of state, which the trial court granted. Dontae then filed another emergency motion on February 18, 2025, which the court again granted. This order directed Euraina to return the children to Dontae in Illinois within 24 hours.

¶ 6      On February 25, 2025, Euraina (now represented by counsel) filed an amended petition to relocate. The court subsequently allowed Euraina's existing counsel to withdraw and for substitute counsel to file his appearance. On May 19, 2025, Euraina (represented by substitute counsel) filed her second amended petition for relocation, the operative document at issue in this appeal. In her petition, she stated that she and Dontae had been in a romantic relationship that resulted in the birth of Am. P. (age 11), and Au. P. (age 9), but she and Dontae have been separated for more than six years. Since their separation, she has been the primary caregiver for the children. She added that Dontae currently lives in Park Forest, Illinois, and she now lives in Jacksonville, Florida, with her husband Khalil and their four other children.

¶ 7      In November 2024, when she was near the end of a high-risk pregnancy, she learned that her husband was required to relocate to Florida for his job. On November 22, 2024, she gave birth

2

to a child and experienced medical complications requiring hospitalization and approximately one month of bed rest. During this time, Euraina's husband moved to Florida and obtained housing for the family. Following her recovery, she relocated to Florida with Am. P. and Au. P. before the beginning of the school term to avoid disruption to their education and subsequently filed a *pro se* motion seeking court approval for relocation in January 2025.

¶ 8     Euraina further stated in her second amended petition that she told Dontae of the relocation when she learned of her husband's job transfer, and that they met on January 30, 2025, to discuss the move. According to Euraina, Dontae had demanded $5,000 per child. Euraina affirmed that the relocation was due to her husband's improved employment opportunity, which would provide suitable housing for the entire family, including a five-bedroom residence in a community with highly rated schools and available family support. Euraina noted that the children reside there with their other siblings and have begun adjusting to their new environment. Euraina considered the relocation to be in the children's best interests because it will provide increased financial stability, improved educational opportunities, and a supportive family environment. She further proposed a parenting-time schedule to preserve Dontae's relationship with the children and averred that the relocation will not materially prejudice Dontae's parental rights.

¶ 9     On August 15, 2025, the trial court entered a written order granting Euraina's petition. The court stated that the parties, their attorneys, and the guardian *ad litem* for the children appeared, and that the court had considered, *inter alia*, "the arguments of the parties [and] the credibility and demeanor of the witnesses." The court further stated that it was "fully advised in the premises."

¶ 10    The court found that Euraina proved by a preponderance of the evidence that the relocation to Florida is in the best interests of the children, and it further found that Dontae's objection that the relocation would impair his ability to be an active and involved parent "lacks sufficient merit."

3

The court recounted the guardian *ad litem*'s testimony that Dontae "repeatedly kept her from being able to speak with the children alone" and failed to meet her with the children at the scheduled time. The court additionally recalled Euraina's testimony that, when she met with Dontae to discuss the move to Florida, Dontae had initially agreed but then later revoked his consent, demanding $5,000 per child to allow her to leave with them. The court concluded that it "seem[ed] very unlikely that[,] taken [*sic*] the credibility of her testimony[,] that Euraina maliciously kidnapped the children." The court instead found it reasonable that Euraina had "done her due diligence" and notified Dontae in the same manner she had previously. After acknowledging that Euraina failed to comply with the statutory notice requirements, the court nonetheless concluded that, "based on the totality of the circumstances," Euraina's move was in good faith. The court then granted Euraina's petition to relocate.

¶ 11    On August 19, 2025, Dontae filed a *pro se* notice of appeal. He indicated that the only order he was appealing from was the trial court's order dated August 15, 2025, which granted Euraina's petition to relocate. This appeal follows.

¶ 12                                   ANALYSIS

¶ 13    Euraina has filed an appearance in this court, but she has not filed a brief. Consequently, we consider this case on the record and Dontae's brief only. See *First Capitol Mortgage Corp. v. Talandis Construction Corp.*, 63 Ill. 2d 128, 133 (1976) (reviewing courts may address the merits of a case on one party's brief only "if the record is simple and the claimed errors are such that the court can easily decide them without the aid of an appellee's brief").

¶ 14    We must first discuss the state of the record on appeal. There is no transcript (or acceptable substitute) for the hearing on August 15, 2025, nor any other hearing date. Illinois Supreme Court Rules 321 and 324 require an appellant to provide a complete record on appeal, including a

certified copy of the report of proceedings.  See Ill. S. Ct. Rs. 321 (eff. Oct. 1, 2021) and 324 (eff. July 1, 2017).  If a verbatim transcript is unavailable, the appellant may file an acceptable substitute, such as a bystander's report or an agreed statement of facts, as provided for in Rule 323.  See Ill. S. Ct. R. 323 (eff. July 1, 2017).

¶ 15    Supreme court rules are not mere suggestions; they are rules that must be followed.  *In re Marriage of Hluska*, 2011 IL App (1st) 092636, ¶ 57.  Moreover, it is a deep-rooted principle that a *pro se* litigant must follow the same rules as a litigant represented by counsel.  *In re Marriage of Winters*, 160 Ill. App. 3d 277, 281 (1987) (citing *Biggs v. Spader*, 411 Ill. 42 (1951)).  The burden of providing a sufficient record on appeal rests with the appellant (here, Dontae).  *Corral v. Mervis Industries, Inc.*, 217 Ill. 2d 144, 156 (2005); *Foutch v. O'Bryant*, 99 Ill. 2d 389, 391-92 (1984).  In the absence of such a record, we presume the trial court acted in conformity with the law and with a sufficient factual basis for its findings.  *Id.* at 392.  Furthermore, any doubts arising from an incomplete record will be resolved against the appellant.  *Id.*  This is particularly true where, as here, the judgment order states that the court was "fully advised in the premises."  *Dell'Armi Builders, Inc. v. Johnston*, 172 Ill. App. 3d 144, 149 (1988).

¶ 16    Here, there is no transcript (or acceptable substitute) for the "evidentiary hearing" on August 15, 2025, despite the fact that the trial court's order following the hearing stated that (1) the parties had appeared for argument, (2) the court had "considered *** all the evidence presented [and] the credibility and demeanor of the witnesses," and (3) the court was "fully advised in the premises." As noted above, the burden of providing a sufficient record on appeal rests with the appellant (*i.e.*, Dontae).  In the absence of such a record, we must (1) presume the trial court acted in conformity with the law and with a sufficient factual basis for its findings and (2) resolve any

doubts arising from an incomplete record against the appellant (*Foutch*, 99 Ill. 2d at 391-92). Accordingly, we may affirm the court's judgment on this basis alone.

¶ 17    With respect to his brief, Dontae raises seven issues, but his "argument" section for each issue contains literally one or two sentences with one exception, where the issue contains three. Although this court is grateful for concise writing (see, *e.g.*, *Colon v. Illinois Central R.R. Co.*, 2024 IL App (1st) 221841, ¶ 21), Dontae's argument section is not concise; it is patently inadequate.  Illinois Supreme Court Rule 341 plainly states that an appellant's argument must "contain the contentions of the appellant and the reasons therefor, with citation of the authorities and the pages of the record relied on."  Ill. S. Ct. R. 341(h)(7) (eff. Oct. 1, 2020).

¶ 18    In addition, although his *pro se* notice of appeal solely challenges the trial court's order dated August 15, 2025, the headings of multiple issues appear to challenge prior orders of the trial court that were not steps in the procedural progression to the order he listed in his notice of appeal (*i.e.*, the court's granting of Euraina's petition for relocation).  These headings provide this court with no direction as to his precise contention of error because the court's August 2025 order did not (1) limit Dontae's contact to "a single daily call," (2) grant Euraina "sole parenting time," (3) prohibit the parties from "discussing 'this case,' " or (4) discuss the GAL's responsibilities pursuant to Illinois Supreme Court Rule 907 (eff. Mar. 8, 2016); rather, it merely granted Euraina's second amended petition for relocation, allowing her to move with her two children to Florida, where her husband and the couple's other children were residing.

¶ 19    His substantive arguments fare no better.  First, they lack any citation to relevant legal authority and the two citations to the record on appeal do not support the two issues in which they appear—they merely refer to (1) a *blank* page in Euraina's *pro se* prior emergency motion to relocate and for unpaid child support and (2) the signature and "proof of delivery" page in Dontae's

*pro se* motion [*sic*] for a rule to show cause. He cites Illinois Supreme Court Rule 907 (eff. Mar. 8, 2016), which has no relevance to the order from which he appeals. His sole case citation in his sixth issue, *In re Marriage of Eckert*, 119 Ill. 2d 316 (1988), provides no support (nor does he provide any discussion as to the relevance of *Eckert*) for his bald assertion that the trial court's granting of Euraina's petition had the effect of "[r]ewarding" her for purported noncompliance with various prior court orders. This constitutes a further violation of Rule 341. See Ill. S. Ct. R. 341(h)(7) (eff. Oct. 1, 2020). Arguments presented without citation to relevant authority are forfeited. *Universal Casualty Co. v. Lopez*, 376 Ill. App. 3d 459, 465 (2007). On this additional basis, we can affirm the trial court.

¶ 20    As to the issues that are at least arguably directed at the trial court's order granting relocation, Dontae asserts that section 609.2 of the Illinois Marriage and Dissolution of Marriage Act requires at least 60 days' written notice and filing with the court, and the court's "[e]xcusing a statutory prerequisite as 'good faith' is reversible error." It is not. "According to [section 609.2], the only consequence for failing to comply with the notice requirement for relocation is that the trial court 'may consider' that failure as a factor in determining whether the parent's relocation 'is in good faith.' " *Kenney v. Strang*, 2023 IL App (1st) 221558, ¶ 55 (quoting 750 ILCS 5/609.2(d) (West 2018)). "It is not *** an automatic denial of a relocation petition or a preclusion from obtaining relief." *Id.* As noted above, *Eckert* does not, as Dontae asserts in conclusory fashion, hold that a trial court may not allow relocation if a parent allegedly violates "court orders." In that case, the court held that "*the record supports* the trial court's order denying" a petition to relocate. *Eckert*, 119 Ill. 2d at 330. Since Dontae has failed to provide this court with a sufficient record on appeal, we must presume the court acted in conformity with the law and with a sufficient factual basis for its findings and resolve any doubts arising from this incomplete record against the

appellant (*i.e.*, Dontae). See *Foutch*, 99 Ill. 2d at 392. Finally, his claim that allowing Euraina's counsel to "litigate[] relocation while aware of statutory notice failure and direct violations of court orders *** compromised the integrity of the proceedings and [his] due process rights" is devoid of legal support and thus rejected as patently meritless. We are therefore compelled to reject his claims of error. See, *e.g.*, *In re Marriage of Grauer*, 153 Ill. App. 3d 125, 130 (1987) ("This court cannot and will not decide in favor of Respondent[-Appellant] *** in the absence of his showing in the record facts that would support such a conclusion."). We thus reject his claims.

¶ 21     In sum, Dontae provides no coherent argument regarding either the proper standard of review or the scarce legal authority supporting his claims. A reviewing court is not merely "a repository into which an appellant may 'dump the burden of argument and research,' nor is it the obligation of this court to act as an advocate or seek error in the record." *U.S. Bank v. Lindsey*, 397 Ill. App. 3d 437, 459 (2009) (quoting *Obert v. Saville*, 253 Ill. App. 3d 677, 682 (1993)). Since we are unable to discern either the factual or legal grounds supporting his claims, we must reject his contentions of error. Dontae has provided this court with no basis for us to disturb any order that the trial court issued in this matter, and the absence of a complete record on appeal as well as his multiple briefing errors further compel us to reject his claims of error. Accordingly, we affirm the judgment of the trial court.

¶ 22                              CONCLUSION

¶ 23     For the foregoing reasons, we affirm the judgment of the trial court.

¶ 24     Affirmed.